**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4101**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CEDRIC DEWIN JENKINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:13-cr-00487-NCT-2)

Submitted:  November 30, 2015      Decided:  January 27, 2016

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric Dewin Jenkins appeals the 160-month sentence imposed following his guilty plea to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012). On appeal, Jenkins' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Jenkins' guilty plea is valid and whether Jenkins' sentence is reasonable.[*] Jenkins has filed a supplemental pro se brief, asserting that the district court erred in applying various sentencing enhancements. Finding no meritorious grounds for appeal, we affirm.

Because Jenkins did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). The record reveals that the district court substantially complied with Fed. R. Crim. P. 11 in accepting Jenkins' plea. The court's minor omissions do not affect Jenkins' substantial rights. See United States v. Davila, 133

---

[*] Jenkins' attorney also questions the validity of the appeal waiver in the plea agreement. Because the Government does not seek to enforce the waiver, and we will not enforce the waiver sua sponte, we have reviewed the case in accordance with Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007); see United States v. Jones, 667 F.3d 477, 486 (4th Cir. 2012).

S. Ct. 2139, 2147 (2013). Moreover, the district court ensured that Jenkins' plea was knowing, voluntary, and supported by an adequate factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We also conclude that Jenkins' sentence is both procedurally and substantively reasonable. The record reveals no clear error by the district court in applying a two-level enhancement for leadership, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (U.S. Sentencing Comm'n 2013), and a two-level enhancement for obstruction of justice, pursuant to USSG § 3C1.1. See United States v. Andrews, __ F.3d __, __, 2015 WL 6575671, at *2-3 (4th Cir. Oct. 30, 2015) (No. 14-4422) (stating standard of review of § 3C1.1 enhancement); United States v. Steffen, 741 F.3d 411, 414 (4th Cir. 2013) (stating standard of review of § 3B1.1(c) enhancement). Nor did the district court plainly err in applying a four-level enhancement for the number of victims in the conspiracy, pursuant to USSG § 2B1.1(b)(2)(B) (2013). Thus, the district court properly calculated the applicable Sentencing Guidelines range, and the court appropriately explained the sentence in the context of the relevant 18 U.S.C. § 3553(a) (2012) factors. See Gall v. United States, 552 U.S. 38, 51 (2007). Moreover, Jenkins' within-Guidelines sentence is presumptively substantively reasonable, United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert.

3

denied, 135 S. Ct. 421 (2014), and he fails to rebut that presumption on appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED